**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Apr 23 2012, 9:37 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**KRISTIN A. MULHOLLAND**
Office of the Public Defender, Appellate Div.
Crown Point, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**BRIAN REITZ**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JAMAAL RASHEED SOUTHERN, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 45A03-1107-CR-298 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Raymond D. Kickbush, Sr. Judge
Cause Nos. 45G03-1001-FB-8, 45G03-1002-FB-12, 45G03-1003-FB-14,
45G03-1003-FB-15, 45G03-1004-FB-43, 45G03-1006-FB-64

**April 23, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Jamaal Southern appeals the denial of his request for credit time.  We affirm.

## FACTS AND PROCEDURAL HISTORY

In 2010, the State charged Southern with ten counts of Class B felony burglary[1] and one count each of Class C felony burglary,[2] Class D felony residential entry,[3] and Class D felony theft.[4]  Southern was incarcerated in Michigan when the charges were filed.  On May 17, he was transported from Michigan to Indiana under an Interstate Agreement on Detainers (IAD) to stand trial for those thirteen charges.

On May 5, 2011, Southern agreed to plead guilty to six counts of Class B felony burglary and one count of Class C felony burglary.  In exchange, the State dismissed the other charges against him.  The agreements provided Southern would be sentenced to twenty years for each count of Class B felony burglary and to eight years for Class C felony burglary, and to be served concurrently for an aggregate sentence of twenty years.

The trial court sentenced Southern according to the terms of his plea agreement and ordered him to serve his Indiana sentence consecutive to his Michigan sentence.  During the sentencing hearing, Southern requested credit on his Indiana sentence for the 389 days he served in Indiana awaiting sentencing.  The court denied his request because "he is going to be given credit toward his Michigan Department of Correction sentence there and is not entitled to the double credit[.]"  (Sentencing Tr. at 25.)

---

[1] Ind. Code § 35-43-2-1(1).
[2] Ind. Code § 35-43-2-1.
[3] Ind. Code § 35-43-2-1.5.
[4] Ind. Code § 35-43-4-2(a).

**DISCUSSION AND DECISION**

Indiana Code § 35-50-6-3(a) provides, "A person assigned to Class I earns one (1) day of credit time for each day the person is imprisoned for a crime or confined awaiting trial or sentencing." The determination of a defendant's credit time depends on the length of his pretrial confinement and whether that confinement is a result of the criminal charge for which sentence is being imposed. *Payne v. State*, 838 N.E.2d 503, 510 (Ind. Ct. App. 2005), *trans. denied*. If a defendant is serving concurrent terms for separate crimes, he is entitled to credit time against each term. *Id*. However, if the defendant is sentenced to consecutive terms for his crimes, he is allowed credit time only against the aggregate of the terms. *Id*. A defendant may not claim "double or extra credit"[5] for pre-sentencing confinement. *Id*.

The trial court ordered Southern's Indiana sentence to run consecutive to his Michigan sentence. He received a 389 day credit against his Michigan sentence for the time he spent awaiting trial and sentencing for the Indiana charges. As Southern received credit against his Michigan sentence, any additional credit would result in impermissible double credit. *See Payne*, 838 N.E.2d at 510 (Payne not entitled to credit against sentences to be served consecutively). Accordingly, we affirm.

Affirmed.

CRONE, J., and BROWN, J., concur.

---

[5] In *Payne*, we indicated "double" or "extra" credit occurs when a defendant is given credit twice for the same period of pre-sentencing confinement. *Payne*, 838 N.E.2d at 510.